JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

DENISE MARIE BARTON (MABN 634052)
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-7359
   Facsimile: (415) 436-7234
   denise.barton@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 08-0430 JSW |
| Plaintiff, | ) ) ) | [PROPOSED] ORDER OF DETENTION PENDING TRIAL |
| v. | ) ) | |
| JOHN PAROLA, | ) ) | |
| Defendant. | ) ) | |

This matter came before the Court on July 11, 2008 for a detention hearing. The Defendant, John Parola, was present and represented by attorney Frank Bell. Assistant United States Attorney Denise Marie Barton appeared on behalf of the United States of America.

Pretrial Services submitted a report to the Court that recommended release, and a representative of Pretrial Services was present at the hearing. The Government requested detention on the basis of danger to the community and risk of flight, and the Defendant opposed. Proffers and arguments regarding detention were submitted by the parties at the hearing.

The present order supplements the Court's findings at the detention hearing and serves as written findings of fact and a statement of reasons as required by 18 U.S.C. § 3142(i)(1). The

Bail Reform Act of 1984, 18 U.S.C. §§ 3141–50, sets forth four factors that the Court must consider in determining whether pretrial detention is warranted. These factors are:

(1) the nature and circumstances of the offense charged (§ 3142(g)(1));

(2) the weight of the evidence against the person (§ 3142(g)(2));

(3) the history and characteristics of the person including, among other considerations, character, employment, family, and past conduct and criminal history (§ 3142(g)(3)); and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release (§ 3142(g)(4)).

With regard to the first factor, the nature and circumstances of the offense charged, the Defendant is accused of Receipt and Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and (a)(4). Receipt of Child Pornography carries a penalty of a mandatory minimum of 5 years imprisonment, a maximum of 20 years imprisonment, a mandatory minimum of 5 years of supervised release, a maximum of lifetime supervised release, a $250,000 fine, and a $100 special assessment. The Court takes note of the following facts related in the proffer of the United States: From approximately January 2007 through March 2008, the defendant paid for access to known commercial child pornography websites. Following execution of a search warrant at his home in March 2008, a forensic review of numerous items of computer media recovered from his home revealed that he had downloaded numerous images and was in possession of over 50,000 images of child pornography. The images included depictions of prepubescent children engaging in sex acts. The defendant has made a statement that he downloaded this number of images to establish a child pornography business to finance his retirement.

The second factor, the weight of the evidence, is considered the least important. The Bail Reform Act neither requires nor permits a pretrial determination of guilt. *United States v. Gebro*, 948 F.2d 1118, 1121–22 (9th Cir. 1991). The Court makes no finding on this factor.

The Court further finds that the third factor, the history and characteristics of the defendant, and the fourth factor, the nature and seriousness of danger to the community, militate in favor of detention. The Court takes note of the following facts related in the proffer of the

[Proposed] Order of Detention - CR 08-0430 JSW

2

United States: In addition to the images of child pornography, the forensic review revealed that the defendant had taken numerous photographs of a minor female[1] known to him and digitally manipulated (or "morphed") these photographs to create several distinct images of child pornography depicting this known minor female. When questioned about the known minor female, the defendant said that she is a "beautiful girl" and that he got excited fantasizing about her. Further, the forensic review also revealed photographs of the defendant taking the known minor female's underwear from a hamper, wearing the underwear on various parts of his body, and masturbating into the underwear. Finally, the forensic review of the defendant's computer media revealed approximately 100 photographs of unknown young girls in public areas with the focus of the photographs on the legs and pubic areas of the unknown girls.

Upon consideration of the facts, proffers, and arguments presented, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. The Court makes this finding in light of the information proffered by the United States concerning the Defendant's conduct and creation of images involving the known minor female and statement concerning that minor female; the defendant's actions in taking photographs of unknown young girls in public places, with a focus on the legs and pubic areas of the girls; and the large amount of child pornography possessed by the defendant. Accordingly, the Court concludes that the Defendant must be detained in this matter.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

(1) the defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the

---

[1] This known minor female was identified in a sealed document filed with the Court prior to the detention hearing. *See ECF Docket No. 4.*

[Proposed] Order of Detention - CR 08-0430 JSW

1  Government, the person in charge of the corrections facility in which the defendant is
2  confined shall deliver the Defendant to an authorized Deputy United States Marshal for
3  the purpose of any appearance in connection with a court proceeding.

SO ORDERED.

DATED: 8/11/08

_____
Nandor J. Vadas
United States Magistrate Judge

[Proposed] Order of Detention - CR 08-0430 JSW

4